ALFORD, Judge.
This is an appeal filed by plaintiff, Herschel Gentry, trustee for Caldwell Port Elevator, Inc. (Caldwell) from a judgment which sustained defendants’ peremptory exceptions of no cause of action and no right of action.
On March 24, 1983, Mr. Gentry, as trustee in bankruptcy for Caldwell, filed suit against Bob Odom, Commissioner of Agriculture and the Department of Agriculture of the State of Louisiana (Department) in federal district court. This suit was later dismissed. On December 19,1983, plaintiff filed an almost identical suit against the same defendant in state district court.
The petition alleges that defendants failed in the performance of duties to supervise, inspect and report in accordance with regulations of the Department and the Warehouse Commission. It asserts that a shortage of grain existed at the elevator and that state inspectors failed to timely discover the shortage. The inspectors voluntarily issued reports to banks and farmers which stated that there was enough grain in the elevator to cover warehouse receipts issued by Caldwell to banks and farmers. The banks loaned money to Caldwell, using pledged warehouse receipts as security, and the farmers continued to store grain with Caldwell. In the meantime, Caldwell filed for bankruptcy, and the banks and farmers suffered losses as a result of the shortage of grain. Caldwell contends that had the inspectors discovered the shortage sooner, the banks and farmers would not have suffered such a loss.
Defendant filed exceptions of no cause of action, no right of action and prescription. The trial court sustained the exceptions of no cause and no right of action and did not address the prescription issue.
On appeal, plaintiff contends that the trial court erred in sustaining the exceptions in favor of defendant.
The peremptory exception of no right of action raises the question of whether plaintiff has any interest in judicially enforcing the right asserted. Teachers’ Retirement System of Louisiana v. Louisiana State Employees’ Retirement System, 456 So.2d 594 (La.1984). The duties of a trustee are set forth in 11 U.S.C. §§ 1106 and 704.[1] Nowhere in these sections does it state that the trustee is the representative of creditors for a situation as is involved in the present case. Furthermore, a review of bankruptcy jurisprudence reveals that a trustee should not be allowed to represent a creditor of the bankrupt when the creditor may have separate action against a third party. The trial court held that claims sought by plaintiff were claims of various creditors, and, therefore, plaintiff had no right of action against defendant. The trial court held that a trustee was a representative of the bankrupt estate and not a representative of the creditors.
After a careful review of the record, we cannot say that the trial court erred in *994 Holding that plaintiff had no right of action. Since plaintiff is asserting the rights of creditors, he has no interest and is not the proper person to judicially enforce the right asserted.
Inasmuch as we agree with the trial court in its holding on the no right of action issue, any discussion on the issue of no cause of action is pretermitted.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by plaintiff.
AFFIRMED.

. 11 U.S.C. § 1106 provides:
(a) A trustee shall—
(1) perform the duties of a trustee specified in sections of 704(2), 704(5), 704(7), 704(8), and 704(9) of this title;
Section 704, Duties of Trustee. The trustee shall—
(2) be accountable for all property received;

******

(5) if a purpose would be served, examine proofs of claims and object to allowance of any claim that is improper;

******

(7)unless the court orders otherwise, furnish such information concerning the estate and the estate’s administration as is requested by a party in interest;
(8) if the business of the debtor is authorized to be operated, file with the court and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the court requires; and
(9) make a final report and file a final account of the administration of the estate with the court.